IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Mary Campos, etc., | Case No. 3:08 CV 2852 |
| Plaintiff, | MEMORANDUM OPINION AND ORDER |
| -vs- | JUDGE JACK ZOUHARY |
| Belen Cuellar, et al., | |
| Defendants. | |

### INTRODUCTION

This matter is before the Court on the Motion of Defendant General Motors (GM) for Summary Judgment (Doc. No. 7). Defendant and Cross-Claimant Belen Cuellar has responded (Doc. No. 10), and GM has replied (Doc. No. 11).

This is the second time this case comes before this Court. In an earlier case, Cuellar asked this Court to continue her survivorship benefits under the GM Pension Plan pursuant to a Qualified Domestic Relations Order (QDRO) from the Paulding County Common Pleas Court (Case No. 3:08 CV 1666, Doc. No. 7). In its Memorandum Opinion and Order, the Court found that the Plan Administrator did not act arbitrarily or capriciously when it denied benefits (*id.* at Doc. No. 12).

Following the issuance of that Order, Belen Cuellar filed a Motion to Vacate, now arguing she had been underpaid by the GM Pension Plan (*id.* at Doc. No. 14). Cuellar also filed the instant action (Case No. 3:08 CV 2852) seeking the same relief. GM argues surviving spouse benefits were properly terminated upon the death of Francisco Cuellar and that payments, if anything, **exceeded** what Belen Cuellar was entitled to receive.

**DISCUSSION**

Attached to GM's Motion in this case (Doc. No. 7) is the Affidavit of Kevin Duff, Senior Consultant for the GM Pension Plan. Duff sets forth a detailed explanation of the contract terms and the facts particular to Belen Cuellar, concluding that pension benefits were appropriate as authorized in the document signed by Francisco Cuellar (Belen's husband) in March 1993 (Doc. No. 7, Ex. E).

Belen Cuellar does not dispute Duff's summary. Contrary to this Court's encouragement and representations by Cuellar's counsel, Cuellar did not have his own expert review the calculations of Kevin Duff, nor has Cuellar otherwise provided the Court with sworn evidence disputing Kevin Duff's calculations or conclusions. Instead, Belen Cuellar mainly argues against GM's position that this new case is barred by the doctrine of *res judicata* and claim preclusion.

The Court chooses to sidestep the issue of *res judicata* and, instead, finds on the merits that Cuellar fails to create a disputed issue of material fact. Considering the evidence in both the prior case and this case, Cuellar fails to show (1) discontinuation of benefits was inappropriate or (2) benefits were underpaid.

GM has also filed a Motion to Quash Discovery and for Imposition of Sanctions (Doc. No. 9). The Court grants the Motion to Quash and denies the Motion for Sanctions. This Court does, however, caution counsel for Belen Cuellar to thoroughly investigate the merits of his position before filing an ERISA claim, and to be familiar with ERISA law or retain co-counsel with ERISA expertise. The discovery propounded by Cuellar is questionable at best because it is not likely to lead to the discovery of admissible evidence. Fed. R. Civ. P. 26(a). ERISA does not allow for an expanded record except in limited circumstances and, as GM has noted, those limited circumstances (i.e., lack of due process or bias) do not apply to this case.

The cases of *Wilkins v. Baptist Healthcare Sys., Inc.*, 150 F.3d 609, 618 (6th Cir. 1998) and *VanderKlok v. Provident Life and Accident Ins. Co., Inc.*, 956 F.2d 610, 617 (6th Cir. 1992), cited by Cuellar, do not support her position. The *Wilkins* plaintiff's denial of ERISA benefits was, in fact, affirmed on appeal. The *Wilkins* concurrence presents a summary of the limited instances in which an ERISA claimant may present evidence beyond the administrative record in support of a claim, none of which apply here.

The *Wilkins* concurrence cites to *VanderKlok* (a case in which plaintiff was not provided adequate notice in writing of his ERISA benefits denial in violation of 29 U.S.C. § 1133) as an example of a lack of due process that may lead to discovery of evidence beyond the administrative record. In *VanderKlok*, the Sixth Circuit denied defendant the protections granted by a limited administrative review because defendant's denial of plaintiff's procedural rights (as guaranteed by ERISA § 1133) prevented plaintiff from pursuing proper administrative appeal channels. In the instant matter, Belen Cuellar alleges neither due process violations nor any bias on the part of the plan administrator. Cuellar argues only that she was underpaid survivorship benefits, allegations which do not qualify for additional discovery beyond the administrative record.

## CONCLUSION

Defendant GM's Motion for Summary Judgment is granted. GM's Motion to Quash is granted and its Motion for Sanctions is denied. Any further disagreement with this Court's rulings can be challenged by a direct appeal, not by repetitious filings in this Court.

IT IS SO ORDERED.

    s/ *Jack Zouhary*
JACK ZOUHARY
U. S. DISTRICT JUDGE

January 30, 2009